## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | |
| **Plaintiff,** | |
| **v.** | **1:13-cv-02924-WSD** |
| **HENRY COUNTY GOVERNMENTAL SERVICES AUTHORITY, et al.,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Defendants Henry County's d/b/a Henry County Governmental Services Authority and Henry County Governmental Services Authority's ("HCGSA") (collectively, the "Henry County Defendants") Motion for Leave to Amend Answer to Auto-Owner's Insurance Company's ("Plaintiff") Amended Complaint for Declaratory Judgment [32].

## I.      BACKGROUND

At some point prior to this action, HCGSA was awarded the Neighborhood Stabilization Program ("NSP") grant by the United States Department of Housing and Urban Development.  The NSP allowed HCGSA to purchase, renovate and

resell foreclosed or abandoned homes in Henry County, Georgia. HCGSA hired Strategic Holdings Group, LLC ("Strategic Holdings") and J.P. Evans Realty to serve as asset managers or sub-contractors in connection with the sale or renovation of homes that qualified for the NSP.[1]

On January 14, 2010, Strategic Holdings purchased a commercial liability insurance policy (the "Policy") from Plaintiff that indemnified Strategic Holdings for bodily injury and property damage claims made by purchasers that qualified for homes under the NSP. The Henry County Defendants allege that the Policy was purchased for their benefit because Strategic Holdings, "as a term and condition of [its] business arrangement," was required to indemnify the Henry County Defendants for claims arising out of the real estate managed by Strategic Holdings. Mot. to Amend at 3. According to the Complaint, the Henry County Board of Commissioners ("Board") was named as an additional insured under the Policy, but the Board is not named as a defendant in this action. The Complaint also asserts that certain limited liability companies, and organizations other than a

---

[1] Strategic Holdings, J.P. Evans Realty, Peggy and Julius Evans, and Donna and Patrick Blair are also named as defendants in this lawsuit. Strategic Holdings and J.P. Evans Realty are owned by Peggy and Julius Evans. Donna and Patrick Blair qualified for a home under the NSP, and purchased a home from HCGSA located in Stockbridge, Georgia. Strategic Holding was the asset manager of this home. The issue before the Court is only between Plaintiff and the Henry County Defendants, and it does not concern any of these parties.

partnership, joint venture or limited liability company, are insured parties under the Policy, but the Complaint does not identify any of these entities.

On April 11, 2012, Donna and Patrick Blair filed a complaint against the Henry County Defendants, Strategic Holdings, J.P. Evans Realty, and Peggy and Julius Evans in the Superior Court of Henry County, Georgia, (the "underlying lawsuit") seeking damages for personal and pecuniary injuries sustained as a result of mold discovered on the Blair's property.

The defendants in the underlying lawsuit claim that Plaintiff has a duty to defend and indemnify them for all claims asserted by the Blairs in the Superior Court.  On August 8, 2013, Plaintiff filed a Complaint for a Declaratory Judgment in this Court, seeking a declaration that it does not have a duty to defend or indemnify the defendants in the underlying lawsuit.  Plaintiff alleges that the Henry County Defendants are not insured under the Policy, and that all the defendants in the underlying lawsuit are prevented from seeking coverage because their claims are excluded under the Policy.

On September 20, 2013, the Henry County Defendants answered the Plaintiff's Complaint, but did not assert any counterclaims against the Plaintiff. On September 27, 2013, the Court ordered the Plaintiff to file, on or before October 21, 2013, an Amended Complaint, identifying the citizenship of Strategic

Holdings and J.P. Evan's Realty.[2]  As required, on October 18, 2013, Plaintiff filed an Amended Complaint.  On October 22, 2013, the Henry County Defendants answered the Amended Complaint, again without asserting counterclaims against the Plaintiff.

On January 17, 2014, the Henry County Defendants moved under Rule 15(a)(2) of the Federal Rules of Civil Procedure to amend their Answer to assert counterclaims against Plaintiff.  The counterclaims they seek to assert are: (1) breach of the duty to defend, (2) bad faith denial of insurance coverage, and (3) breach of contract.  On March 5, 2014, the Court stayed this case until the Court ruled on the Henry County Defendants' Motion to Amend.

**II.      DISCUSSION**

      A.      <u>Legal Standard</u>

Plaintiff's Motion to Amend is untimely under the Court's Local Rules. Local Rule 7.1(A)(2) provides that: "with certain exceptions not relevant here, "motions must be filed WITHIN THIRTY (30) DAYS after the beginning of

---

[2] The amendment was necessary for the Court to determine whether there is complete diversity between each member of Strategic Holdings, LLC, J.P. Evans Realty, and the Plaintiff.

discovery").[3]  The Joint Preliminary Report and Discovery Plan (the "Plan") filed by the parties on November 4, 2013, and approved by the Court on November 6, 2013, also expressly provides that any amendments to the pleadings in this case must be filed no "LATER THAN THIRTY (30) DAYS after the [Plan] [was] filed."  (Plan [24] ¶ 6(b), at 8.).  The deadline to submit amendments under the Plan here was December 4, 2013.  The Henry County Defendants filed their Motion to Amend on January 17, 2014, over six weeks after the time for amendments expired in this matter.

Rule 15 of the Federal Rules of Civil Procedure generally governs leave to amend pleadings.  The Court, however, first must determine whether the schedule may be modified, under Rule 16, to allow the late filing of the Motion to Amend. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) (holding that courts evaluating untimely motions to amend should determine whether to alter the scheduling order under Rule 16 before determining whether the amendment is proper under Rule 15).  "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This good

_____

[3] Local Rule 26.2(A) provides that "the discovery period shall commence thirty (30) days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier."  See LR 26.2(A), NDGa. Discovery commenced in this action on October 21, 2013.

cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking extension.'" <u>Sosa</u>, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment, Discussion of subdivision (b))).

The Eleventh Circuit has "considered several factors to demonstrate a party's lack of diligence, including . . . the fact that the information providing the basis for the proposed amendment was available to the party before the deadline." <u>Green Island Holdings, LLC v. British American Isle of Venice, Ltd.</u>, 521 F. App'x 798, 800-01 (11th Cir. 2013) (citations omitted). "A district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion." <u>Sosa</u>, 133 F.3d at 1419.

B.    <u>Analysis</u>

To support that they have good cause now to assert counterclaims, the Henry County Defendants principally argue that they should be allowed to amend their Answer because they did not have a complete copy of the Policy. In other words, the Henry County Defendants claim that they could not reasonably assert counterclaims for breach of contract, breach of the duty to defend, and bad faith denial of an insurance claim without a complete copy of the Policy. This belated

claim is contradicted by the Henry County Defendants' conduct before this action was filed by the Plaintiff.

On July 17, 2013, Plaintiff sent a reservation of rights letter to all the defendants in the underlying lawsuit that put them on notice of the Policy provisions that are relevant to this dispute, and the exclusions under the Policy that Plaintiff seeks to apply to deny insurance coverage.  On July 23, 2013, the Henry County Defendants replied to the Plaintiff's letter, asserted that they were an "additional insured" under the Policy, alleged that Plaintiff breached its "contractual duty" to defend them as an "additional insured," and denounced Plaintiff for "wrongfully den[ying] coverage in bad faith for over a year."  These undisputed facts conclusively establish that the Henry County Defendants knew of and had the required information to support their counterclaims in advance of this litigation, and in fact, asserted over a year ago the claims they now seek to add to this case.  See Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 611–12 (11th Cir. 2010) (holding that the defendant's lack of diligence "doomed" its request to add an affirmative defense to its answer because defendant knew of and had information to support "the facts underlying its newly-proposed affirmative defense before litigation even began.").

The counterclaims sought now to be asserted are obvious and were known to the Henry County Defendants when this case began.  See Regions Bank v. Commonwealth Land Title Ins. Co., No. 11-232257-CIV, 2012 WL 5410948, at *4 (S.D. Fla. Nov. 6, 2012) (motion to amend answer denied because the duty to defend and indemnify the defendant "goes to the heart of this litigation . . . [and] a failure to mitigate defense should have been reasonably obvious to [the defendant] the minute that [plaintiff] declined its offer, if not before that time.").  In the Answers filed in this case on September 20, 2013, and October 22, 2013, the Henry County Defendants denied the allegations in the Complaint that the Policy excluded coverage for their defense in the underlying lawsuit.  The Henry County Defendants' position in this case even before the Complaint was filed by the Plaintiff has been that the Policy requires them to be covered, and that it was wrongful for the Plaintiff to deny coverage—the same position that the Henry County Defendants seek to assert in the requested amendment to add counterclaims.

The Henry County Defendants allege that Plaintiff did not timely produce a complete copy of the Policy.  The Court notes, however, that the Henry County Defendants did not serve their first request for production of documents until December 10, 2013—almost a week after the deadline for amendments expired.

This fact supports that the Henry County Defendants were not diligent in pursuing their compulsory counterclaims.  The Court's Local Rules require discovery proceedings to be "initiated promptly so that discovery is initiated and completed . . . within the time limitations of the discovery track to which the case is assigned." LR 26.2(A), NDGa; see also Millennium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1299 (11th Cir. 2007) (holding that a failure to reasonably investigate claims does not "equate to 'good cause' for leave to amend under Rule 16.").  The Henry County Defendants failed to meet this obligation.

The Henry County Defendants next argue that the Court's September 27, 2013, Order, which directed the Plaintiff to file an Amended Complaint, reset the deadlines in this case.  Defendants thus contend that discovery in this matter commenced on November 22, 2013, and they were limited to only thirteen (13) days of discovery before the deadline for amendments expired on December 4, 2013.

This self-serving assumption is discredited by the Court's Local Rules, which clearly provide that discovery commenced in this action on October 21, 2013, or thirty (30) days after the Henry County Defendants appeared by answer to the Complaint.  See LR 26.2(A), NDGa.  On October 18, 2013, Plaintiff filed an Amended Complaint for the limited purpose of identifying the citizenship of

Strategic Holdings and J.P. Evan's Realty.  That Amendment—a technical one required by the Court—did not result in amending the substantive allegations in the Complaint, and certainly did not result in new allegations, or the need to assert counterclaims, compulsory or otherwise.  The Plan upon which the parties mutually agreed and jointly submitted to the Court set a firm date for amendments which the Henry County Defendants allowed to expire.

Even if the Defendants had moved to extend the deadline for discovery, which they did not, there would be no basis to grant it because the Plaintiff filed an Amended Complaint to address the limited information the Court required.  Other courts have reached the same conclusion.  See Preobrazhenskaya v. Mercy Hall Infirmary, 71 F. App'x 936, 941 (3d Cir. 2003) (affirming district court's decision to deny discovery on new counts of the amended complaint because five months of discovery had taken place, and "the additional claims were based on the same set of facts alleged in the original complaint."); In re Mirabilis Ventures, Inc., No. 6:08-Bk-4327-KSJ, 2010 WL 2509624, at *5 n.4 (M.D. Fla. June 18, 2010) (rejecting argument that additional time for discovery should be allowed on account of an amended complaint because the "essentials of the allegations against [defendant] have not changed since this matter was filed a year and a half ago.").

"This case is a classic example of undue delay in filing." Saewitz, 133 F.

App'x at 611–12 (internal quotation marks and citations omitted). The Court

concludes that the Henry County Defendants did not show good cause to modify

the scheduling order because they did not exercise diligence in presenting their

counterclaims without undue delay.[4]

III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to Amend

their Answer to the Plaintiff's Amended Complaint for Declaratory Judgment is

**DENIED** [32].

---

[4] Because the Court finds that the Henry County Defendants' Motion to Amend
does not satisfy Rule 16(b) of the Federal Rules of Civil Procedure, the Court does
not address whether leave to amend is appropriate under Rule 15. See Sosa, 133
F.3d at 1419 (declining to consider whether the proposed amendment was proper
under Rule 15(a) because plaintiff did not demonstrate good cause under Rule
16(b), and observing that consideration of Rule 15(a) without regard to Rule 16(b)
"would render scheduling orders meaningless and effectively would read Rule
16(b) and its good cause requirement out of the Federal Rules of Civil
Procedure.").

**SO ORDERED** this 12th day of August 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE